**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| DUSTIN NEAL BROWN, ADC #105750 | PLAINTIFF |
| v. No. 4:12CV00106 JLH | |
| MIKE BLAIN, Supervisor, Pulaski County Sheriff's Office, et al. | DEFENDANTS |

**ORDER OF DISMISSAL**

**I. Introduction**

Plaintiff, Dustin Neal Brown, is a prisoner in the Delta Regional Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that Defendants violated his constitutional rights before he was incarcerated. *See* docket entry #2. After screening Plaintiff's claims as required by 28 U.S.C. § 1915A, the Court concludes that the case must be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

**II. Discussion**

Plaintiff alleges that the Defendants, all of whom are law enforcement officers for Pulaski

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

County or the State of Arkansas, violated his due process rights when they improperly conducted a criminal investigation into the theft of his Jeep. *See* docket entry #2. As a result of their actions during the investigation, Plaintiff contends his vehicle was returned to him in a damaged condition. *Id.*

The United States Supreme Court has held that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of or damage to his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). In this case, Plaintiff has the adequate post-deprivation remedies of filing: (1) a claim with the Arkansas Claims Commission, pursuant to Ark. Code Ann. § 19-10-204; or (2) a conversion action against the Defendants in state court. Thus, he has failed to state a viable § 1983 claim for relief.[2] *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (dismissing a prisoner's due process claim because he the state provided adequate post deprivation remedies for obtaining compensation for the loss of his property); *Jones v. Roy*, Case No. 11-2517, 2011 WL 4716327 (8th Cir. Oct. 7, 2011) (unpublished opinion) (same); *Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (same).

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.Pursuant to screening mandated by 28 U.S.C. § 1915A, this case is DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.Dismissal constitutes a STRIKE, as defined by 28 U.S.C. § 1915(g).

---

[2] Plaintiff knows the names of the four individuals who allegedly stole and damaged his Jeep. *See* docket entry #2. Nothing in this Order of Dismissal prevents him from filing a conversion or other tort action against each of those four individuals, *in state court*.

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 6th day of April, 2012.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE